In the Matter of the Estate of MARY EDNA BRADLEY, Deceased.

Surrogate's Court, Herkimer County, January, 1924.

**Executors and administrators — accounting — decedent's executor paid two promissory notes whereon decedent was accommodation indorser which were protested for non-payment — legacy to maker of notes insufficient to pay them — when executor may retain legacy as against receiver in supplementary proceedings of legatee.**

Decedent for accommodation indorsed two notes of her sister which were transferred to the bank where they were made payable. The notes were protested for non-payment at maturity and due notice thereof given. The executor of

decedent paid the notes upon the demand of the bank. *Held,* that the amount of a legacy to the maker of the notes being insufficient to pay them, said executor had the legal right to retain the legacy as against the receiver in supplementary proceedings of the legatee and apply her legacy upon the notes.

PROCEEDINGS upon judicial settlement of accounts of executor.

*Miller & Hubbell,* for executor.

*N. J. Herrick,* for Anna L. Bellinger.

*Almond Cramer,* in person.

*Wilbur & Winslow,* for Carl Peterson, as receiver of the property of Anna L. Bellinger.

BELL, S. On April 7, 1922, Mary Edna Bradley indorsed (accommodation) a promissory note, made on that day for $300, by her sister, then A. L. Esmay (now Anna L. Bellinger), payable one month after date, at the Farmers and Mechanics Bank, of Fort Plain, N. Y., and on April 15, 1922, she indorsed (accommodation) another note with her said sister for $100 payable one month after date at said bank. These two notes were transferred to the said bank and when they became due, were not paid and were duly protested, and due notice of such protest given. The indorser died April 27, 1922. The two notes, including interest and protest fees, amounted to $437.43.

The maker and indorser were jointly and severally liable on these notes to said bank and when they were not paid the bank had a right to, and it did, present a claim to this estate and demand payment thereof, and the executor paid them.

By an order entered June 28, 1923, Carl Peterson, of Ilion, N. Y., was appointed receiver of the property of the said Anna L. Bellinger and another, in proceedings supplementary to execution, and said receiver is claiming that the executor should pay him the legacy to Anna L. Bellinger under the will of said deceased.

On the other hand, the executor claims that he should not pay to said receiver anything, for the reason that the legacy going to said Anna L. Bellinger is not sufficient to pay the amount of said notes.

The law is, following the English Chancery rule, that an executor or administrator has the right to retain as against a legatee or distributee, sufficient to discharge the debt or obligation of the legatee or distributee to decedent, paying merely the balance, if any remains, or if there is not sufficient to pay the debt or obligation to retain what is due such legatee or distributee, to apply upon such debt or obligation. 2 Heaton Surr. (4th ed.) 1244, and cases cited; 3 Alexander Wills, 2290, and cases cited; Civ. Prac. Act, § 268.

Mr. Cramer should be paid $50 out of the moneys received on the mortgage. The shares going to the legatees can be ascertained in several ways, one of which is by adding to the balance on hand, $948.14, the $437.43, and from that sum deducting the $50 to be paid Mr. Cramer and the commissions and the expense of the accounting, and then dividing the remainder by three.

It will then appear that the one-third (share of Anna L. Bellinger) will be less than $437.43; therefore, there will not be anything going to Mrs. Bellinger, so that, from the $948.14 should be deducted the $50 to be paid to Mr. Cramer, the executor's commissions and the expense of the accounting, and the remainder divided between Jennie C. Fonda and Lula Klinkhart, each one-half.

Decreed accordingly.